**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

DONALD G. JACKMAN, Jr.                              :
                                                    :
                    Petitioner,                     :        Civ. No. 16-3572 (RBK)
                                                    :
          v.                                        :
                                                    :
JORDAN HOLLINGSWORTH,                               :        **OPINION**
                                                    :
                    Respondent.                     :
_____ :

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

**I.        INTRODUCTION**

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as

petitioner failed to pay the $5.00 filing fee and did not submit an application to proceed *in forma*

*pauperis*. Subsequently, this Court received an application to proceed *in forma pauperis* by

petitioner as well as the $5.00 filing fee. Accordingly, the Clerk will be ordered to reopen this

case. However, petitioner's application to proceed *in forma pauperis* will be denied without

prejudice as his affidavit of poverty is incomplete (it is missing page 2 of the form).

Nevertheless, as petitioner has paid the $5.00 filing fee as well, he can proceed with this action at

this time.

Petitioner argues in part in his habeas petition that his sentence was improperly enhanced

under the Armed Career Criminal Act and relies on the United States Supreme Court decision in

*Johnson v. United States*, 135 S. Ct. 2551 (2015) which was made retroactive to cases on

collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). For the following reasons,

the habeas petition will be transferred to the United States Court of Appeals for the Third Circuit

so that it can be considered by that Court as an application to file a second or successive § 2255 motion.

## II.   BACKGROUND

In 2002, petitioner was convicted in the United States District Court for the Western District of Pennsylvania by a jury of firearm offenses. He subsequently appealed to the Third Circuit which affirmed the judgment and conviction in 2003. The United States Supreme Court then denied petitioner's writ of certiorari.

Petitioner also filed a motion to vacate, set aside or correct his sentence which was denied by the Western District of Pennsylvania in 2006.

In June 2016, petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241. The petition raises four issues; specifically:

1. Enhanced sentenced under the Armed Career Criminal Act was not authorized by law as priors do not qualify under the residual clause.

2. Lack of evidence to sustain the unregistered firearm jury verdict.

3. Lack of review or hearing on appointment of counsel at any of his post-trial proceedings

4. Rights were restored by State of North Carolina such that courts have misapplied circuit case law.

At or around the same time that he filed this habeas petition in this Court, petitioner also filed another § 2255 motion in the Western District of Pennsylvania. (*See* W.D. Pa. Civ. No. 16-0902). On July 21, 2016, the Western District of Pennsylvania denied that § 2255 without prejudice as a second or successive petition that lacked authorization to be filed by the Third Circuit pursuant to 28 U.S.C. § 2255(h).

### III.     STANDARD FOR SUA SPONTE SCREENING OF HABEAS PETITION

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in

relevant part:

> A court, justice or judge entertaining an application for a writ of
> habeas corpus shall forthwith award the writ or issue an order
> directing the respondent to show cause why the writ should not be
> granted, unless it appears from the application that the applicant or
> person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those

pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the

policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation

marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we

construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594,

30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas]

petition summarily when it plainly appears from the face of the petition and any exhibits annexed

to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517

U.S. 314, 320 (1996).

### IV.     DISCUSSION

Petitioner seeks to have this Court review the criminal judgment and sentence entered by

the Western District of Pennsylvania in this § 2241 habeas petition. Generally, a challenge to the

validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See*

*Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United*

*States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a

district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless

the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, §

2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such a court has denied him relief, unless it also
> appears that the remedy by the motion is inadequate or ineffective
> to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner

to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or

procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication

of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002)

(citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the

sentencing court does not grant relief, the one-year statute of limitations has expired, or the

petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290

F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to

use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that

petitioners have a fair opportunity to seek collateral relief, not to enable them to evade

procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir.

1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate

or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third

Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or

ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. His *Johnson* type claim relates to the ultimate sentence he received, not that an intervening change in substantive law that negates *the crimes* for which he was convicted. *See Scott v. Shartle,* 574 F. App'x 152, 155 (3d Cir. 2014) (per curiam) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citation omitted); *McIntosh v. Shartle,* 526 F. App'x 150, 152 (3d Cir. 2013) (per curiam) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241.") (citation omitted); *Johnson v. Scism,* 454 F. App'x 87, 88 (3d Cir. 2012) (per curiam) (same); *United States v. Brown,* 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted); *Selby v. Scism,* 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam)

("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in In re Dorsainvil does not apply."); *Robinson v. Hollingsworth,* No. 13–0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted-possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States,* No. 12–1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here."). Additionally, to the extent that petitioner raises claims in this habeas petition beyond his *Johnson* type claim, he also does not assert that an intervening change in substantive law negated *the crimes* for which he was convicted.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, in light of petitioner's attempt to bring a *Johnson* type claim in this § 2241 habeas petition (albeit improperly), this Court finds it is in the interest of justice to transfer this habeas petition to the Third Circuit so that that Court can determine whether petitioner may file a second or successive § 2255 motion.

## V.    CONCLUSION

For the foregoing reasons, the habeas petition will be transferred to the United States

Court a second or successive § 2255 motion. An appropriate order will be entered.


DATED:  August  4,  2016                                    s/Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge