UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD G. JACKMAN, Jr., | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-3572 (RBK) |
| | : | |
| v. | : | |
| | : | |
| JORDAN HOLLINGSWORTH, | : | **OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Previously, this Court determined that it lacked jurisdiction to

consider this petition under § 2241 and transferred this action to the United States Court of

Appeals for the Third Circuit as it constituted a second or successive § 2255 motion. Petitioner

has now filed a motion to alter or amend this Court's judgment pursuant to Federal Rule of Civil

Procedure 59(e). This Court will reopen this case for the sole purpose of deciding petitioner's

motion to alter or amend the judgment. For the following reasons, petitioner's motion will be

denied.

## II.      BACKGROUND

This Court laid out the factual background giving rise to this case in a prior Opinion

entered August 5, 2016. (*See* Dkt. No. 5) Petitioner previously had a § 2255 motion denied in the

Western District of Pennsylvania in 2006. The Western District of Pennsylvania also denied

another § 2255 motion of petitioner's in July 2016. That motion was denied as a second or

successive § 2255 motion that lacked authorization to be filed by the Third Circuit.

In June, 2016, petitioner filed this action. Among the claims he raises in his habeas petition was that his sentence was enhanced under the Armed Career Criminal Act and not authorized by law as priors do not qualify under its residual clause. Ultimately, on August 5, 2016, this Court determined that it lacked jurisdiction to consider petitioner's 2241 habeas action. Petitioner failed to show that he fit within the Third Circuit's exception to bring this habeas action as a § 2241 pursuant to *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). The case was then transferred to the Third Circuit as a request to file a second or successive § 2255 motion.

On August 15, 2016, this Court received petitioner's motion to alter or amend that judgment. Petitioner objects to this Court's *sua sponte* transfer of this action to the Third Circuit.

### III.    STANDARD ON MOTION FOR RECONSIDERATION

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d

2

Cir. 2004). Additionally, Rule 59(e) requires that it be filed within twenty-eight days after the entry of judgment. *See* FED. R. CIV. P. 59(e).

## IV.    DISCUSSION

Petitioner's motion to alter or amend judgment pursuant to Rule 59 will be denied. As this Court noted previously, petitioner is not entitled to proceed in this action as a § 2241 habeas petition because he did not fit within the *Dorsainvil* exception by showing that § 2255 was inadequate or ineffective. Furthermore, as petitioner had already proceeded with a § 2255 motion in the Western District of Pennsylvania, if he wanted to proceed with a second or successive § 2255 motion, it was necessary to obtain authorization from the Third Circuit before being allowed to proceed with a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) (a second or successive § 2255 motion must be certified by the appropriate panel of the court of appeals). Accordingly, transferring this case to the Third Circuit for its consideration as a request to file a second or successive § 2255 motion was appropriate. Indeed, in a September 14, 2016 Order that denied petitioner's action that had been transferred to the Third Circuit for consideration as a request to file a second or successive § 2255 motion, the Third Circuit explained that, "[t]o the extent that Petitioner argues that the District Court had jurisdiction under § 2241 and should not have transferred the petition, we find that argument to be without merit for substantially the reasons provided in the District Court's opinion accompanying the transfer order." (C.A. 16-3330, Sept. 14, 2016 Order).

4

## V.   CONCLUSION

For the foregoing reasons, petitioner's motion to alter or amend the judgment will be

denied. An appropriate order will be entered.


DATED:  January 26, 2017                                    s/Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge

4